Per Curiam.

The question presented is whether the defendant, having done everything required of her to perfect her appeal, can be precluded from perfecting an appeal and having it heard on the merits, by the inadvertent failure of the clerk of courts to transmit the bill of exceptions to the trial judge for his approval and settlement.
“The general rule that the law will not permit a party to suffer detriment by reason of the neglect * * * of an officer charged with a public duty where such party, in the prosecution of a right, has done everything that the law requires him to do, and fails to attain his right wholly by such neglect * * *, the duty of the officer being one pertaining to such right, has application to a case coming within the purview of Sections 5301 and 5301a, Revised Statutes [now Sections 2321.06 and 2321.07, Revised Code], providing for the filing, allowance and signing of bills of exceptions.” Cincinnati Traction Co. v. Ruthman, 85 Ohio St., 62, paragraph one of the syllabus.
The provisions of Sections 2321.06 and 2321.07, supra, defining the duties of the clerk and trial judge relative to a bill of' exceptions which a party has properly filed within time, are, as to the time of performance of such duties, directory only. Pace v. Volk, 85 Ohio St., 413, paragraph one of the syllabus.
The defendant in the instant case should not be precluded from having her appeal heard on the merits for failure of the clerk of courts to perform a ministerial act in connection with the bill of exceptions.
The judgment of the Court of Appeals is reversed, and the *393 cause is remanded to that court for further proceedings according to law.

Judgment reversed.

Weygandt, C. J., Zimmerman, Taft, Matthias, Bell, Herbert and Peck, JJ., concur.